# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

August 31, 2020

Stephen Smith, DAG
Department of Justice
102 West Water Street
Dover, DE 19901

Natalie Woloshin, Esq.
Woloshin, Lynch, Natalie & Gagne, P.A.
3200 Concord Pike
Wilmington, DE 19803

> RE:   *State of Delaware v. Mark A. Bartell*
> *ID No. 1511001595*

Counsel:

The Commissioner issued an order that permitted limited discovery in this post-conviction relief proceeding. The Court has reviewed and considered Mr. Bartell's motion to reconsider the discovery limits that she set in that order. It has also considered the State's response. In its response, the State asserts a cross-motion requesting the Court to reconsider the Commissioner's order because she did not find the "good cause" necessary to order any post-conviction discovery.

As the parties are aware, 10 *Del. C.* § 512(b)(1)b permits the Court to refer post-conviction relief matters to the Commissioner for proposed findings of fact and recommendations. The Court referred this matter to the Commissioner on March 28, 2019.

The Court is considering denying both the motion and cross-motion because they inappropriately seek interlocutory review. In the parties' briefing, both assumed that the Court should apply the standard and process applicable to non case-dispositive matters.[1] Given this assumption, they did not address the interlocutory nature of their requests. Accordingly, the parties should provide their positions and any authority that addresses the interrelationship, if any, between (1) the standard and process applicable to a judge's review of a commissioner's non case-dispositive decision versus (2) the appropriate standard and process applicable to a judge's review of a commissioner's interlocutory order issued in a case-dispositive proceeding.

To guide the parties' submissions, the Court provides several observations. First, separate standards apply to a judge's review of a commissioner's non case-dispositive decision versus a judge's review of a commissioner's recommendations in case-dispositive matters. The Court's March 28, 2019 Order referred, in its entirety, this post-conviction relief matter to the Commissioner for her final recommendations. Second, there is no procedural rule that defines a process for what is akin to an interlocutory appeal of a commissioner's interim order in a case-dispositive matter. Third, in the absence of a Superior Court rule that governs the process, the common law nevertheless disfavors interlocutory appeals in any setting. Fourth, the review provision for case-dispositive matters seems to contemplate considering a party's objections and the basis for such objections only after a commissioner files her proposed findings of fact and recommendations.[2]

---

[1] *See* Super. Ct. Crim R. 62(a)(4) (permitting review upon motion for reconsideration and applying a "clearly erroneous, or [] contrary to law, or an abuse of discretion" standard). *Contra* Super. Ct. Crim R. 62(a)(5) (providing for filing written objections to a commissioner's order only *after* the commissioner files her proposed findings of fact and recommendations).

[2] Super. Ct. Crim. R. 62(a)(5)(ii).

With these points in mind, the parties may supplement the record with argument and authority that addresses why the Court should not deny these cross-motions as interlocutory. You should provide any authority that supports applying the review mechanism outlined in Superior Court Criminal Rule 62(a)(4) to the process contemplated by 10 *Del. C*. § 512 (b)(1)b and Superior Court Criminal Rule 62(a)(5). The submissions are due 21 days from the date of this Order and may be in letter form. They may be single-spaced and shall not exceed five pages in length.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge